[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE SECOND COUNTY OF COMPLAINT
The court finds that count 2 of the complaint fails to state a cause of action against the union. The plaintiff alleges that the union ratified the acts of the individual defendant by failing to discipline him for assaulting a member of the union. In order to be held responsible for the individual defendant's unlawful acts under General Statutes section 31-114
"[t]he proof must be of a ratification knowingly made in express and direct acts or terms of assent to the acts complained of by the organization to be charged. Implied ratification such as the law of agency presumes from the acts of a principal is not sufficient. There can be no rigid requirement that a union affirmatively disavow such unlawful acts as may previously have occurred. . . . What is required is proof, either that the union approved the violence which occurred, or that it participated actively or by knowing tolerance in further acts which were in themselves actionable under state law or intentionally drew upon the previous violence for their force.'" United Aircraft Corporation v. International Assn. of Machinists,161 Conn. 79, 88 (1971) quoting United Mine Workers v. Gibbs,383 U.S. 715, 739 86 S.Ct. 1130, 16 L.Ed.2d 218.
The plaintiff has failed to allege facts which would amount to ratification within the meaning of General Statutes section 31-114.
Accordingly, the second count of the complaint is dismissed.
FRANCES ALLEN, SENIOR JUDGE CT Page 2736